Michael A. Siddons
Attorney ID #017592008
The Law Firm of Michael Alan Siddons, Esquire
230 N. Monroe Street
PO Box 403
Media, PA 19063
Tel: 484-614-6546
msiddons@siddonslaw.com
Attorney for Plaintiff

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE**

| | : | |
|---|---|---|
| DENISE FUCHS, | : | |
| Plaintiff, | : | Civil Case No.: 2:20-cv-2158 |
| vs. | : | |
| SWIFTFUNDS FINANCIAL SERVICES, LLC, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**<u>PLAINTIFF'S COMPLAINT</u>**

Plaintiff, DENISE FUCHS ("Plaintiff"), through her attorney, The Law Firm of Michael Alan Siddons, Esquire, alleges the following against Defendant, SWIFTFUNDS FINANCIAL SERVICES, LLC ("Defendant"):

1

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

## JURISDICTION AND VENUE

2. This court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 15 U.S.C. § 1692k.

3. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

5. Plaintiff is a natural person residing in the Township of Wayne, Passaic County, State of New Jersey.

6. Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

7. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. § 1692a(5).

8. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6).

9. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

10. Defendant is a California limited liability company and collection agency based in the City of Rolling Hills Estates, Los Angeles County, State of California.

11. Defendant is a business entity engaged in the collection of debt within the State of New Jersey.

12. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding

account balances.

13. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

14. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

15. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

16. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

17. Defendant is attempting to collect a consumer debt from Plaintiff, allegedly arising from a gym membership.

18. The alleged debt owed arises from transactions for personal, family, and household purposes.

19. In or around January 2020, Defendant began calling Plaintiff in an attempt to collect the alleged debt.

20. Defendant calls Plaintiff on Plaintiff's cellular telephone number at 201-961-3666 in an attempt to collect the alleged debt.

21. Defendant calls Plaintiff from 781-483-4686, which is just one of Defendant's telephone numbers.

22. In or around January 2020, Plaintiff answered one of Defendant's collection calls and spoke to one of Defendant's collectors, who identified himself as Carlos.

23. During the above-referenced collection call:

    a. Carlos attempted to collect the alleged debt from Plaintiff;

    b. Plaintiff offered to pay what she could afford; and

    c. Carlos demanded payment in full of $1,100 immediately or that Defendant would ruin Plaintiff's credit.

24. Defendant also leaves voicemail messages for Plaintiff in its attempts to collect the alleged debt.

25. With regard to the above-referenced voicemail messages:

    a. Defendant's collectors failed to disclose that they were calling from Swiftfunds Financial Services, LLC; and

    b. Defendant's collectors failed to disclose that they were debt collectors and attempting to collect a debt from Plaintiff;

26. The natural consequences of Defendant's actions was to produce an unpleasant and/or hostile situation between Defendant and Plaintiff.

27. The natural consequences of Defendant's actions was to unjustly condemn and vilify Plaintiff for her non-payment of the alleged debt.

28. The natural consequences of Defendant's actions was to cause Plaintiff mental distress.

29. Defendant's actions were a calculated attempt to coerce Plaintiff into payment of the alleged debt.

**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

30. Defendant violated the FDCPA based on the following:

    a. Defendant violated § 1692d of the FDCPA by engaging in conduct that the natural consequence of which was to harass, oppress, and abuse in connection with the

collection of an alleged debt when Defendant's collector Carlos attempted to coerce Plaintiff into payment of the alleged debt;

b. Defendant violated § 1692d(6) of the FDCPA by its placement of telephone calls without meaningful disclosure of the caller's identity when its debt collectors left voicemail messages for Plaintiff that failed to disclose that they were calling from Swiftfunds Financial Services, LLC;

c. Defendant violated § 1692e of the FDCPA by its use of any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant engaged in, at least, the following discrete violations of § 1692e;

d. Defendant violated § 1692e(5) of the FDCPA by its threat to take any action that cannot legally be taken or that is not intended to be taken when Defendant's collector threatened to ruin Plaintiff's credit if she did not pay the alleged debt in full immediately;

e. Defendant violated § 1692e(10) of the FDCPA by using any false representation or deceptive means to collect or attempt to collect any debt when Defendant engaged in, at least, all of the other discrete violations of § 1692e alleged herein; and

f. Defendant violated § 1692e(11) of the FDCPA when Defendant left voicemail messages for Plaintiff that did not state the communications were an attempt to collect a debt;

g. Defendant violated § 1692g(b) of the FDCPA by engaging in collection activities and communication that overshadowed or was inconsistent with the disclosure of the consumer's right to dispute the debt when Defendant's collector Carlos

      employed coercive and harassing tactics in his attempt to collect the alleged debt; and

      h.  Defendant violated § 1692f of the FDCPA by its use of unfair or unconscionable means to collect or attempt to collect any debt when Defendant engaged in all of the misconduct alleged herein.

31. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

32. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, DENISE FUCHS, respectfully requests judgment be entered against Defendant, SWIFTFUNDS FINANCIAL SERVICES, LLC, for the following:

33. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k;

34. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k; and

35. Any other relief that this Honorable Court deems appropriate.

                                          RESPECTFULLY SUBMITTED,

February 27, 2020                By:/s/ Michael A. Siddons_____
                                          Michael A. Siddons
                                          Attorney for Plaintiff